**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRISTIAN CANDELARIA,<br><br>Petitioner,<br><br>v.<br><br>BRAD SHOEMAKER, *et al.*,<br><br>Respondents. | CIVIL ACTION NO. 3:26-cv-03082<br><br>(SAPORITO, J.) |

# ORDER

Cristian Candelaria, incarcerated at the Lycoming County Prison, has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 seeking federal intervention in his state pretrial criminal proceedings. *See* (Doc. 1). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4 (also applicable to § 2241 petitions under Rule 1(b)); *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Candelaria has been charged in the Court of Common Pleas of

Lycoming County in two separate cases: one involving a single charge of unlawful possession of a firearm, and another involving charges of simple assault, aggravated assault, recklessly endangering another person, and strangulation. *See Commonwealth v. Candelaria*, Nos. CP-41-CR-0001257-2026, CP-41-CR-0001220-2026 (Lycoming Cty. Ct. Com. Pl.). Candelaria's petition appears to be directed solely to his firearm charge. He contends that a firearm was seized from him as the result of an unlawful search; that the unlawful search and seizure reflect "public corruption with [a] widespread pattern of civil rights violations"; and that he has been denied an impartial tribunal based on the judge's failure to "review falsehoods" in a probable cause affidavit. *See* (Doc. 1 at 6-7). He requests that this Court "discharge" him from custody and refer the matter to the United States Department of Justice. (*Id.* at 7).

Petitioners seeking *habeas corpus* relief prior to final conviction and sentence in state court may only obtain such relief if (a) they make "a special showing of the need" for habeas corpus relief and have exhausted state court remedies or (b) "extraordinary circumstances" justify habeas corpus relief. *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (citing *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484

(1973)). This discretionary jurisdiction "must be exercised sparingly in order to prevent . . . 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (unpublished) (citing *Moore*, 515 F.2d at 445-46).[1] "These available procedures amply serve to protect [the defendant's] constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449; *see also Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246-47 (3d Cir. 2018).

In the case involving Candelaria's firearm charge, he has been appointed counsel and was scheduled for formal arraignment on November 3, 2026. At this early stage, there is no indication that he has raised any of the issues in this petition before the state courts, either *pro se* or through appointed counsel[2]; therefore, he has not exhausted state

---

[1] In addition, Section 2241 habeas petitions challenging unresolved state criminal charges are vulnerable to abstention under *Younger v. Harris*, 401 U.S. 37 (1971), because such proceedings implicate important state interests and afford an adequate opportunity to raise any federal claims. *See*, *e.g.*, *Smith v. Franklin Cnty. Ct. of Common Pleas*, No. 1:21-CV-1222, 2022 WL 392451 (M.D. Pa. Jan. 10, 2022).

[2] Candelaria's petition alludes to an alleged "communication problem . . . English/Spanish Barrier" involving appointed counsel. (Doc. 1 at 2). There is no indication that Candelaria or his counsel has sought

*(continued on next page)*

court remedies. *See*, *e.g.*, *Ayers v. Wyoming Cnty.*, No. 1:22-CV-969, 2022 WL 2318685, at *1 (M.D. Pa. June 28, 2022). Candelaria's allegations of improper search and seizure and "falsehoods" in a probable cause affidavit are not "extraordinary circumstances" justifying federal intervention, because those arguments can be raised within the state criminal case at the appropriate time. *See*, *e.g.*, *Holley v. Fiedorczyk*, No. 1:26-CV-02400, 2026 WL 2966182, at *2 (M.D. Pa. Oct. 2, 2026); *Harris v. Dist. Att'y of Blair Cnty.*, No. 3:26-CV-182, 2026 WL 2614578, at *3 (W.D. Pa. July 24, 2026). He cannot circumvent the state courts' procedures by vaguely attributing these alleged violations to corruption or bias.[3]

---

any relief in the Court of Common Pleas related to such issues, and no basis to infer a need for federal intervention on this ground.

[3] *See*, *e.g.*, *Pabon v. Shoemaker*, No. 3:25-CV-1178, 2025 WL 2233380 (M.D. Pa. Aug. 5, 2025); *Burley v. Oberlander*, No. 1:21-CV-300, 2022 WL 3908533 (W.D. Pa. Aug. 30, 2022); *Robinson v. Harper*, No. 20-CV-376, 2020 WL 2573352, at *5 (W.D. Pa. Apr. 28, 2020) ("Petitioner alleges, inter alia, prosecutorial misconduct, and perjury by the police officers in the course of his preliminary hearing and lying by the police officers in their affidavits of probable cause and improprieties in the proceedings before the state magisterial district judge . . . However, such allegations as these and even worse, have not been found sufficient to constitute 'extraordinary circumstances' or 'special circumstances' within the meaning of Section 2241 jurisprudence.") (listing examples).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Candelaria's petition (Doc. 1) is **DISMISSED** without prejudice.

2. Candelaria's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot.

3. Because jurists of reason would not dispute the dismissal of this case on procedural grounds, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

4. The Clerk is **DIRECTED** to close this case.

Dated: November 3, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge